IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF ILLINOIS,
WESTERN DIVISION

| | | |
|---|---|---|
| **BRYAN STEWART,** | ) | Case No. |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **C/O JOHNSON,** | ) | |
| **LT. NOLAN,** | ) | |
| **LT. STEVENS,** | ) | |
| **LT. CLARK,** | ) | |
| **QMHP SUSAN RICK,** | ) | |
| **DR. SUZNER,** | ) | |
| **Individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**NOW COMES** the Plaintiff, BRYAN STEWART, by and through his attorneys, Gregory E. Kulis & Associates, Ltd., and complaining against the Defendants, C/O JOHNSON, LT. NOLAN, LT. STEVENS, LT. CLARK, QMHP SUSAN RICK, DR. SUZNER in their individual capacities and states as follows:

### COUNT I
### FAILURE TO PROTECT

1. This is an action brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the Eighth and Fourteenth Amendments to the United States Constitution and the laws of the State of Illinois to redress deprivations of the civil rights of the Plaintiff, BRYAN STEWART and accomplished by acts and/or of the Defendants, C/O JOHNSON, LT. NOLAN, LT. STEVENS, LT. CLARK, QMHP SUSAN RICK, DR. SUZNER, committed under color of law.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

3. The Plaintiff, BRYAN STEWART, was at all relevant times, a resident of the State of Illinois and incarcerated at Dixon Correctional Center located at 2600 N Brinton Ave, Dixon, IL 61021.

4. The Defendants, C/O JOHNSON, LT. NOLAN, LT. STEVENS, LT. CLARK, QMHP SUSAN RICK, DR. SUZNER, were at all relevant times correctional employees who worked at Statesville Correctional Center.

5. On or around March of 2021, the Plaintiff was transferred to Dixon Correctional Center.

6. On our about March 18, 2021, the Plaintiff was placed in Housing Unit 43 within Dixon Correctional Center.

7. In March of 2021, inmate Leonard Askew (N53889) was also housed at Dixon Correctional Center.

8. One of Plaintiff's wing officers while in Housing Unit 43 from March 18, 2021 to April 23, 2021 was Defendant C/O JOHNSON.

9. Immediately after Plaintiff's placement in Housing Unit 43, Plaintiff received unwanted and aggressive sexual advances by inmate Leonard Askew (N53889).

10. From March 18, 2021 to April 23, 2021, Plaintiff informed Defendants C/O JOHNSON, LT. NOLAN, LT. STEVENS, LT. CLARK, QMHP SUSAN RICK, DR. SUZNER of these aggressive sexual advances through oral communications or through letters and begged for them to address the advances to ensure his personal safety and wellbeing.

11. On April 23, 2021, Plaintiff BRYAN STEWART was violently and brutally raped by inmate Leonard Askew (N53889).

12. Defendants C/O JOHNSON, LT. NOLAN, LT. STEVENS, LT. CLARK, QMHP SUSAN RICK, DR. SUZNER were made aware by the Plaintiff that there was a strong likelihood that he would be seriously harmed by inmate Leonard Askew (N53889) and that Plaintiff feared for his safety.

13. Because the Defendants C/O JOHNSON, LT. NOLAN, LT. STEVENS, LT. CLARK, QMHP SUSAN RICK, DR. SUZNER were aware of this strong likelihood of an assault, they consciously failed to take reasonable measure to prevent the rape of the Plaintiff.

14. Had Defendants, Defendants C/O JOHNSON, LT. NOLAN, LT. STEVENS, LT. CLARK, QMHP SUSAN RICK, DR. SUZNER taken reasonable measures to prevent the rape of the Plaintiff, the Plaintiff would not have been harmed by inmate Leonard Askew (N53889) on April 23, 2021 and hence failed to protect the Plaintiff from this sexual assault.

15. As a result of the actions of the Defendants, the Plaintiff, BRYAN STEWART suffered fear, anxiety, pain, suffering and emotional distress and future permanent injury.

**WHEREFORE**, the Plaintiff, BRYAN STEWART, prays for judgment against the Defendants, C/O JOHNSON, LT. NOLAN, LT. STEVENS, LT. CLARK, QMHP SUSAN RICK, DR. SUZNER, for fair and reasonable compensatory damages, reasonable punitive damages, plus attorneys' fees and costs.

**COUNT II – DELIBERATE INDIFFERENCE TO MEDICAL CARE**

1-15. The Plaintiff, BRYAN STEWART hereby re-alleges and incorporates his allegations of paragraphs 1-14 of Count I as his respective allegations of paragraphs 1-14 of Count II as though fully set forth herein.

16. Subsequent to the April 23, 2021 rape of Plaintiff, Defendant DR. SUZNER was told by the Plaintiff that inmate Leonard Askew (N53889) had caused him physical injury as a result of raping him and that he needed medical care for said injury.

17. Defendant DR. SUZNER never obtained medical care for the Plaintiff.

18. Defendant DR. SUZNER was not only aware of the Plaintiff's medical needs, but also the necessary medical accommodations that would prevent his suffering, yet refused to accommodate the Plaintiff, and directly caused him extreme pain and suffering. Therefore, Defendant DR. SUZNER exhibited deliberate indifference to the medical needs of the Plaintiff.

19. As a direct and proximate result of the Defendant's failure to provide adequate medical care, the Plaintiff was unlawfully subjected to an unreasonable risk of serious harm and suffered damages as a result, both mentally and physically.

20. The actions of Defendant DR. SUZNER were intentional, willful and wanton.

**WHEREFORE**, the Plaintiff, BRYAN STEWART prays for judgment in his favor and against Defendant DR. SUZNER in her individual capacity in an amount of fair and reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

## JURY DEMAND

The Plaintiff, BRYAN STEWART, hereby requests a trial by jury.

Respectfully submitted,
BRYAN STEWART

By: /s/ Gregory E. Kulis
Gregory E. Kulis & Associates, Ltd.

**Gregory E. Kulis 6180966**
**Gregory E. Kulis & Associates, Ltd.**

4

**134 North LaSalle Street, Suite 444**
**Chicago, Illinois 60602**
**p. 312-580-1830**
**e. service@kulislawltd.com**