IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| BRYAN STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | No. 23 CV 50198 |
| | ) | |
| v. | ) | Honorable Philip G. Reinhard |
| | ) | Judge Presiding |
| C/O MICHAEL JOHNSON, *et al.*, | ) | |
| | ) | Magistrate Judge Schneider |
| Defendants. | ) | |

### ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COME defendants, MICHAEL JOHNSON, improperly sued as, C/O MICHAEL JOHNSON BADGE #7197 ("JOHNSON"), GARY NOLAN, improperly sued as LT. GARY NOLAN ("NOLAN"), RENEE STEVENS, improperly sued as LT. RENE STEVENS ("STEVENS"), and JOSEPH CLARK, improperly sued as, LT. JOSEPH CLARK #3663 ("CLARK"), by and through their attorney, KWAME RAOUL, Attorney General of the State of Illinois, and for their answer and affirmative defenses to plaintiff's, BRYAN STEWART's, First Amended Complaint, state as follows:

### COUNT I FAILURE TO PROTECT

1. This is an action brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the Eighth and Fourteenth Amendments to the United States Constitution and the laws of the State of Illinois to redress deprivations of the civil rights of the Plaintiff, BRYAN STEWART and accomplished by acts and/or of the Defendants, C/O MICHAEL JOHNSON BADGE #7197, LT. GARY NOLAN, LT. RENE STEVENS, LT. JOSEPH CLARK #3663, QMHP SUSAN RICK, DR. SUZNER, committed under color of law.

**ANSWER:** Defendants admit that this is an action brought pursuant to 42 U.S.C. §1983.

**Defendants deny that any of their alleged acts violated §1983.**

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

**ANSWER:** **Defendants admit the allegations contained in paragraph 2.**

3. The Plaintiff, BRYAN STEWART, was at all relevant times, a resident of the State of Illinois and incarcerated at Dixon Correctional Center located at 2600 N Brinton Ave, Dixon, IL 61021.

**ANSWER:** **Defendants admit the allegations contained in paragraph 3.**

4. The Defendants, C/O MICHAEL JOHNSON BADGE #7197, LT. GARY NOLAN, LT. RENE STEVENS, LT. JOSEPH CLARK #3663, QMHP SUSAN RICK, DR. SUZNER, were at all relevant times correctional employees who worked at Dixon Correctional Center.

**ANSWER:** **Defendants admit the allegations contained in paragraph 4.**

5. On or around January 11, of 2021, the Plaintiff was transferred to Dixon Correctional Center.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 5.**

6. On or about March 18, 2021, the Plaintiff was placed in Housing Unit 43 within Dixon Correctional Center.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6.**

7. In March of 2021, inmate Leonard Askew (N53889) was also housed at Dixon Correctional Center.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 7.**

8. One of Plaintiff's wing officers while in Housing Unit 43 from March 18, 2021 to April 23, 2021 was Defendant C/O JOHNSON.

**ANSWER:** **Defendants JOHNSON, NOLAN, STEVENS, and CLARK, lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8.**

9. Immediately after Plaintiff's placement in Housing Unit 43, Plaintiff received unwanted and aggressive sexual advances by inmate Leonard Askew (N53889).

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9.**

10. From March 18, 2021 to April 23, 2021, Plaintiff informed Defendants C/O MICHAEL JOHNSON BADGE #7197, LT. GARY NOLAN, LT. RENE STEVENS, LT. JOSEPH CLARK #3663, QMHP SUSAN RICK, DR. SUZNER of these aggressive sexual advances through oral communications or through letters and begged for them to address the advances to ensure her personal safety and wellbeing.

**ANSWER:** **Defendants deny the allegations contained in paragraph 10.**

11. On April 23, 2021, Plaintiff BRYAN STEWART was violently and brutally raped by inmate Leonard Askew (N53889).

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11.**

12. Defendants C/O MICHAEL JOHNSON BADGE #7197, LT. GARY NOLAN, LT. RENE STEVENS, LT. JOSEPH CLARK #3663, QMHP SUSAN RICK, DR. SUZNER were made aware by the Plaintiff that there was a strong likelihood that she would be seriously harmed by inmate Leonard Askew (N53889) and that Plaintiff feared for her safety.

**ANSWER:** **Defendants deny the allegations contained in paragraph 12.**

13. Because the Defendants C/O MICHAEL JOHNSON BADGE #7197, LT. GARY NOLAN, LT. RENE STEVENS, LT. JOSEPH CLARK #3663, QMHP SUSAN RICK, DR. SUZNER were aware of this strong likelihood of an assault, they consciously failed to take reasonable measure to prevent the rape of the Plaintiff.

**ANSWER:** **Defendants deny the allegations contained in paragraph 13.**

14. Had Defendants, Defendants C/O MICHAEL JOHNSON BADGE #7197, LT. GARY NOLAN, LT. RENE STEVENS, LT. JOSEPH CLARK #3663, QMHP SUSAN RICK, DR. SUZNER taken reasonable measures to prevent the rape of the Plaintiff, the Plaintiff would

not have been harmed by inmate Leonard Askew (N53889) on April 23, 2021 and hence failed to protect the Plaintiff from this sexual assault.

**ANSWER:** **Defendants deny the allegations contained in paragraph 14.**

15. As a result of the actions of the Defendants, the Plaintiff, BRYAN STEWART suffered fear, anxiety, pain, suffering and emotional distress and future permanent injury.

**ANSWER:** **Defendants deny the allegations contained in paragraph 15.**

WHEREFORE, defendants, defendants, MICHAEL JOHNSON, improperly sued as, C/O MICHAEL JOHNSON BADGE #7197, GARY NOLAN, improperly sued as LT. GARY NOLAN, RENEE STEVENS, improperly sued as LT. RENE STEVENS, and JOSEPH CLARK, improperly sued as, LT. JOSEPH CLARK #3663, pray for judgment in their favor and against the plaintiff, BRYAN STEWART, plus costs of suit.

## COUNT II – DELIBERATE INDIFFERENCE TO MEDICAL CARE

1-15. The Plaintiff, BRYAN STEWART hereby re-alleges and incorporates her allegations of paragraphs 1-14 of Count I as her respective allegations of paragraphs 1-14 of Count II as though fully set forth herein.

**ANSWER:** **Defendants incorporate their answers to paragraphs 1-15 of plaintiff's First Amended complaint as if fully restated herein.**

16. Subsequent to the April 23, 2021 rape of Plaintiff, Defendant DR. SUZNER was told by the Plaintiff that inmate Leonard Askew (N53889) had caused her physical injury as a result of raping her and that she needed medical care for said injury.

**ANSWER:** **The allegations contained in Paragraph 16 are not directed at Defendants. However, to the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16.**

17. Defendant DR. SUZNER never obtained medical care for the Plaintiff.

**ANSWER:** The allegations contained in Paragraph 17 are not directed at Defendants. However, to the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17.

18. Defendant DR. SUZNER was not only aware of the Plaintiff's medical needs, but also the necessary medical accommodations that would prevent her suffering, yet refused to accommodate the Plaintiff, and directly caused her extreme pain and suffering. Therefore, Defendant DR. SUZNER exhibited deliberate indifference to the medical needs of the Plaintiff.

**ANSWER:** The allegations contained in Paragraph 18 are not directed at Defendants. However, to the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18.

19. As a direct and proximate result of the Defendant's failure to provide adequate medical care, the Plaintiff was unlawfully subjected to an unreasonable risk of serious harm and suffered damages as a result, both mentally and physically.

**ANSWER:** The allegations contained in Paragraph 19 are not directed at Defendants. However, to the extent an answer is required, Defendants deny the allegations contained in paragraph 19.

20. The actions of Defendant DR. SUZNER were intentional, willful and wanton.

**ANSWER:** The allegations contained in Paragraph 20 are not directed at Defendants. However, to the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20.

WHEREFORE, defendants, defendants, MICHAEL JOHNSON, improperly sued as, C/O MICHAEL JOHNSON BADGE #7197, GARY NOLAN, improperly sued as LT. GARY NOLAN, RENEE STEVENS, improperly sued as LT. RENE STEVENS, and JOSEPH CLARK, improperly sued as, LT. JOSEPH CLARK #3663, pray for judgment in their favor and against the plaintiff, BRYAN STEWART, plus costs of suit.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to Exhaust Administrative Remedies)**

1. That prior to filing suit, inmates must demonstrate that their administrative remedies have been fully and properly exhausted. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).

2. That to exhaust administrative remedies, a prisoner "must file complaints and appeals in the place, and at the time, 'the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

3. That to the extent plaintiff has failed to adhere to the Illinois Department of Corrections grievance procedures, his claim should be barred for failure to exhaust his administrative remedies prior to the initiation of this cause of action, which serves as a bar to plaintiff's claims under the Prison Litigation Reform Act (42 U.S.C. § 1997) and *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

**SECOND AFFIRMATIVE DEFENSE**
**(Qualified Immunity)**

1. That government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

2. That at all times relevant herein, defendants acted in good faith in the performance of their official duties and acted without violating plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are therefore protected from suit by the doctrine of qualified immunity.

6

## FOURTH AFFIRMATIVE DEFENSE

1. Under Illinois law, the applicable statute of limitations period is two years from the date of accrual. *See Jenkins v. Village of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007) (citing 735 ILCS § 5/13-202).

2. Plaintiff's complaint was filed on May 24, 2023. Dkt. 1. That date is two years beyond April 23, 2021, the date Plaintiff alleges he was raped. Dkt. 1, ¶ 11 and Dkt. 5, ¶11.

WHEREFORE, defendants, defendants, MICHAEL JOHNSON, improperly sued as, C/O MICHAEL JOHNSON BADGE #7197, GARY NOLAN, improperly sued as LT. GARY NOLAN, RENEE STEVENS, improperly sued as LT. RENE STEVENS, and JOSEPH CLARK, improperly sued as, LT. JOSEPH CLARK #3663, pray for judgment in their favor and against the plaintiff, BRYAN STEWART, plus costs of suit.

## JURY DEMAND

Defendants demand a trial by jury on all issues herein triable.

Dated: December 18, 2023

KWAME RAOUL
Attorney General of Illinois

Respectfully submitted,

*/s/ Manasseh A. Konadu*
Manasseh A. Konadu
Assistant Attorney General
General Law Bureau
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 405-9428
Manasseh.konadu@ilag.gov

7

**CERTIFICATE OF SERVICE**

I hereby certify that on 12/18/2023, I electronically filed the foregoing *Answer to First Amended Complaint and Affirmative Defenses*, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Brian Orozco, ARDC No. 6309838
Gregory E. Kulis & Associates, Ltd.
134 N. LaSalle St., Suite 444
Chicago, Illinois 60602

p. 312-580-1830
e. service@kulislawltd.com

Dated: December 18, 2023                    Respectfully submitted,

KWAME RAOUL                                 */s/ Manasseh A. Konadu*
Attorney General of Illinois                Manasseh A. Konadu
                                            Assistant Attorney General
                                            General Law Bureau
                                            Office of the Illinois Attorney General
                                            100 West Randolph Street, 13th Floor
                                            Chicago, Illinois 60601
                                            (312) 405-9428
                                            Manasseh.konadu@ilag.gov