**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| BRYAN STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | No. 23 CV 50198 |
| | ) | |
| v. | ) | Honorable Rebecca Pallmeyer |
| | ) | Judge Presiding |
| C/O MICHAEL JOHNSON, *et al.*, | ) | |
| | ) | Magistrate Judge Schneider |
| Defendants. | ) | |

## RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND CONTEMPT AGAINST ILLINOIS DEPARTMENT OF CORRECTIONS

The undersigned counsel for the Illinois Department of Corrections ("IDOC"), hereby responds to Plaintiff's motion for sanctions and contempt against the Illinois Department of Corrections [ECF No. 78], stating as follows:

### Introduction and Procedural History

On June 24, 2024, Plaintiff issued a subpoena to IDOC requesting all Prison Elimination Act (PREA) calls made by Plaintiff from April 1, 2021, to April 23, 2021 On that same date Juana Lopez, head of Intelligence for IDOC, sent an email to Plaintiff's counsel, stating no PREA calls exist for the requested timeframe. On June 25, 2024, Lora Haven, supervisor of legal services for IDOC, sent an e-mail that purported to confirm that no PREA call for Plaintiff exist for the specified timeframe. On October 4, 2024, IDOC produced emails in response to a separate subpoena, revealing a PREA call made by Plaintiff on April 15, 2021, contradicting earlier denials. On October 8, 2024, Plaintiff issued a second subpoena to IDOC specifically requesting the April 15, 2021, PREA call and all other PREA calls made by Plaintiff. On December 4, 2024, Plaintiff's counsel spoke with Juana Lopez by phone, who within an hour produces more than ten (10) PREA calls made by Plaintiff, including a call on April 15, 2021. Defendants oppose Plaintiff's motion

for sanctions and contempt, as the timeline demonstrates that IDOC acted in good faith and promptly complied once inconsistencies were identified.

## **Response and Basis Thereof**

*A. Contempt Requires Clear Noncompliance*

To hold IDOC in contempt, Plaintiff must demonstrate clear and willful disregard of court orders. *Tranzact Techs., Inc. v. 1Source Worldsite*, 406 F.3d 851, 855 (7th Cir. 2005). The timeline contradicts this assertion: In June 2024, Plaintiff issued a subpoena specifically for PREA calls, which IDOC personnel initially denied existed. On October 4, 2024, emails produced by IDOC revealed the existence of a PREA call from April 15, 2021.On December 4, 2024, IDOC produced these calls within an hour of Plaintiff's follow-up request. The fact that the calls were produced promptly upon the identification of inconsistencies indicates no intentional concealment or defiance of subpoena obligations.

*B. Misrepresentation Allegations Lack Support*

Plaintiff alleges that IDOC "lied" about the existence of PREA calls. However, the timeline illustrates a series of internal miscommunications, not deliberate deceit. For example, Plaintiff's October 8, 2024, subpoena specifically referenced e-mails and calls previously denied. Upon this discovery IDOC personally submitted further queries and located the proper information. The Seventh Circuit has consistently required evidence of bad faith for such claims. *Davis v. Ruby Foods, Inc*., 269 F.3d 818, 822 (7th Cir. 2001).

*C. Sanctions are Unwarranted*

Sanctions should only be imposed for egregious misconduct that impedes justice. *Greviskes v. Universities Research Ass'n, Inc*., 417 F.3d 752, 759 (7th Cir. 2005). Additionally, the Seventh Circuit stated in *Collins* district courts are required to impose a sanction that is

proportional to the wrongdoing. 554 F.3d 693, 696-97 (7th Cir. 2009). Here, the timeline demonstrates that IDOC ultimately complied with subpoenas and produced all responsive documents, including the PREA calls crucial to Plaintiff's claim. The errors here were due to miscommunication, clerical and computer errors not malicious intent.

## **Conclusion**

Defendants request that the Court deny Plaintiff's motion for sanctions and contempt. To address any remaining concerns, Defendants propose a joint discovery conference to resolve any outstanding disputes.

Dated: December 17, 2024

KWAME RAOUL
Attorney General of Illinois

Respectfully submitted,

*/s/ Manasseh A. Konadu*
Manasseh A. Konadu
Assistant Attorney General
Government Representation Division
Office of the Illinois Attorney General
115 South LaSalle Street,
Chicago, Illinois 60603
(312) 405-9428
Manasseh.konadu@ilag.gov