IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| BRYAN STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | No. 23 CV 50198 |
| | ) | |
| v. | ) | Honorable Rebecca Pallmeyer |
| | ) | Judge Presiding |
| C/O MICHAEL JOHNSON, *et al.*, | ) | |
| | ) | Magistrate Judge Schneider |
| Defendants. | ) | |

**RESPONSE TO PLAINTIFF'S MOTION FOR AN ORDER OF RULE TO SHOW CAUSE AND ATTORNEY FEES AND APPROPRIATE SANCTIONS AGAINST DIXON CORRECTIONAL CENTER.**

The undersigned counsel for Dixon Correctional ("Dixon"), hereby responds to Plaintiff's motion for an order of rule to show cause and attorney fees and appropriate sanctions against Dixon Correctional Center [ECF No. 79], stating as follows:

**Introduction**

Defendants respectfully oppose Plaintiff's motion for a rule to show cause, attorney's fees, and sanctions against Dixon Correctional Center. Plaintiff has failed to demonstrate that Defendants acted with deliberate noncompliance or bad faith, and the timeline of events underscores the challenges associated with fulfilling Plaintiff's expansive and evolving requests.

**Procedural History and Legal Standard**

On May 23, 2023, Plaintiff issued a subpoena requesting emails from Dixon correctional Center referencing Bryan Stewart (M48657) between March 17,2021, and April 23, 2021. At this time Dixon Correctional Center began coordinating internally to produce responsive documents. On June 19, 2023, Plaintiff issued a supplemental subpoena expanding the scope to include additional email correspondence about another individual in custody and communications with the

Lee County State's Attorney's Office. On December 15, 2023, Plaintiff's counsel discussed difficulties Dixon faced gathering responsive records with the litigation coordinators over the phone. On December 18, 2023, Plaintiff narrowed the scope of the email requests to specific keywords and a shorter timeframe (March 18, 2021 – April 23, 2021). On August 5, 2024, Plaintiff sent a new subpoena, identical to the one he had sent prior. From August 7, 2024, through September 10, 2024, counsel for IDOC, Gwendolyn Drake, began to gradually produce email but made an error due to miscommunications about the timeframe requested. On October 8, 2024, Plaintiff sent another subpoena to address deficiencies in the production and seek additional specific records. On December 4, 2024, Plaintiff filed this motion arguing that Dixon Correctional Center failed to produce comprehensive records after repeated requests and signification delays, production of only three emails out of one thousand eight hundred and ninety-eight (1,898) for a key period is deficient and "suspicious and seeking unredacted access to all 1,898 emails for attorney review under "attorney's eyes only." [ECF No. 79].

Federal Rule of Civil Procedure 45 mandates reasonable compliance with subpoenas, accounting for logistical challenges. Courts require a showing of willful noncompliance to justify sanctions. *Hobley v. Burge*, 433 F.3d 946, 950 (7th Cir. 2006). In this case, the timeline shows that Dixon Correctional Center engaged with Plaintiff's counsel at various points:

## **RESPONSE AND BASIS THEREOF**

A.  *Good Faith Efforts and Delays*

While Plaintiff claims deficiencies in the October 8, 2024, production, the limited initial batch resulted from a good-faith miscommunication regarding search terms. For example, the initial search inadvertently included emails referencing "Ryan," leading to an overproduction of irrelevant results. This issue was corrected after further review. The timeline demonstrates that delays resulted from logistical challenges, not intentional misconduct.

B.  *Remedy Sought is Overbroad*

Plaintiff demands the production of all 1,898 emails initially identified in search results without any substantiated basis for their relevance. Courts in this circuit have consistently rejected overbroad discovery demands. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). These emails that Plaintiff demands to view contain sensitive health information of other individuals in custody who have nothing to do with this case and contain sensitive security information that are irrelevant to the claims of this case. Given the history of collaboration and ongoing production, additional court-ordered review is unnecessary.

C.  *Monetary Sanctions are Not Appropriate*

Courts have wide discretion to determine the appropriate sanctions to impose. *New York Life Ins. Co. v. Peters*, No. 19 C 2269, 2021 WL 229659, at *3 (N.D. Ill. Jan. 22, 2021) (internal citations omitted) However, the Seventh Circuit requires that district courts impose a sanction that is proportional to the wrongdoing. *Collins v. Illinois,* 554 F.3d 693, 696-97 (7th Cir. 2009). *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000). Furthermore, to determine which sanction is appropriate, courts look at any prejudice incurred, whether the proposed sanction would cure this prejudice, and the potential disruption to trial. *Perez v. Lake Cty. Sheriff Dep't*, No. 2:18-CV-295-JTM-JEM, 2020 U.S. Dist. LEXIS 247275, 2020 WL 8093318, at *1 (N.D. Ind. Sept. 4, 2020). Here, at all times a Dixon representative was making efforts to do their best to comply. As the Court knows, each prison has a large volume of Section 1983 cases including Dixon Correctional Center. All staff has done their due diligence and are still working with Plaintiff's attorney to reach full compliance. As the Seventh Circuit stated in *Collins* district courts are required to impose a sanction that is proportional to the wrongdoing. 554 F.3d 693, 696-97 (7th Cir. 2009). Here, Dixon does not believe that there has been wrongdoing. Dixon has made attempts to get Plaintiff responsive documents as quickly as they can and should not be punished for taking reasonable

calculation especially when the documents being requested pose grave security concerns to prison staff and contain the sensitive medical information of other individuals in custody. In this case, Dixon has not acted in bad faith or willfully disregarded the Subpoenas. Dixon hereby apologizes to the Court and Plaintiff's counsel for their tardiness in fully complying with the subpoena but assures him that Dixon will continue to work with him until full compliance is reached. As such, the undersigned submits that an award of monetary sanctions is not warranted, and respectfully requests that the Court refrain from imposing sanctions.

## Conclusion

Defendants respectfully request the Court deny Plaintiff's motion and consider a court-supervised review of any remaining disputed emails to expedite resolution.

Dated: December 17, 2024

KWAME RAOUL
Attorney General of Illinois

Respectfully submitted,

*/s/ Manasseh A. Konadu*
Manasseh A. Konadu
Assistant Attorney General
Government Representation Division
Office of the Illinois Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 405-9428
Manasseh.konadu@ilag.gov