**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| BRYAN STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | No. 23 CV 50198 |
| | ) | |
| v. | ) | Honorable Judge Rebecca Pallmeyer |
| | ) | |
| C/O MICHAEL JOHNSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S PETITION FOR FEES AND COSTS**

Pursuant to 42 U.S.C. § 12205 and 28 C.F.R. §35.175 and this Court's order from December 18, 2024 (Dkt. # 84), Plaintiff, by counsel, requests that the Court award fees.

Grounds for this petition are as follows:

1) Counsel for Plaintiff, in seeking to enforce his two subpoenas, learned that evidence Dixon Prison originally said didn't exist actually did and received said evidence within 30 minutes on December 18, 2024. On the same day he received this evidence, Plaintiff filed three motions seeking relief for discovery violations committed by IDOC Dixon Correctional Center. This Honorable Court granted him his fees for the motions. (Dkt. #84). Counsel for Plaintiff is seeking fees for his investigation work that led to the filing of his motions, the drafting of said motions, the arguing of said motions, as well as the research and drafting of the following petition.

2) Although Plaintiff is currently incarcerated while this case has been litigated, the Prison Litigation Reform Act (PLRA) cap on attorney's fees does not apply. Notably, the Prison Litigation Reform Act (PLRA), which sets forth various limits to fee awards made pursuant

1

to 42 U.S.C. § 1988, has no bearing on this Court's award of fees as part of a discovery violation under Federal Rule of Civil Procedure 37(a)(5)(C). 42 U.S.C. § 1997e(d); *Edwin G. v. Washington*, 2001 WL 196760, at *2 (C.D. Ill. Jan. 26, 2001) (fees awarded as discovery sanctions are not subject to the PLRA); *see also Ball v. Leblanc*, 2015 WL 5749458, at *3 (M.D. La. Sept. 30, 2015) (same); *Scott v. Clarke*, 2014 WL 1463755, at *4 (W.D. Va. Apr. 15, 2014) ("Defendants are incorrect in assuming that, simply because the [p]laintiffs are prisoners, the provisions of § 1997e(d) necessarily govern any and all awards of attorney's fees made in this case."); *Beckford v. Irvin*, 60 F. Supp. 2d 85, 88 (W.D.N.Y. 1999) ("The PLRA does not limit the award of attorney's fees to a prevailing plaintiff whose award is authorized under a [source] separate from § 1988.").

3) Prior to submitting this fee petition, Plaintiff communicated and engaged Defendants in multiple phone calls and emails on areas of agreement regarding Plaintiff's proposed hourly rate and time entries. The undersigned counsel sent an email to counsel for Defendants justifying his requested hourly rate with case law and indicating that he planned on filing five affidavits of civil rights practitioners supporting his hourly rate. Defendants responded that this undersigned counsel's proposed hourly rate of $500/hour is too high and indicated that they proposed a rate of $400/hour. They sent rulings on fee petitions to justify their position (***see Exhibit A***). Notably the attorneys who petitioned for their hourly rates in those cases did not attach any affidavits supporting their petition. Id. Defendants do not object to the following:

   a. Paralegal rate of **$125**/hour
   b. The Following Time Entries:
      i. Time Entry from December 18, 2024 for a total of **1.5** hours
      ii. Time Entry from December 17, 2024 for a total of **1.5** hours
      iii. Time Entry from December 10, 2024 for a total of **0.2** hours
      iv. Time Entry from December 9, 2024 for a total of **0.1** hours

      v. Time Entry from December 5, 2024 for a total of **0.4** hours

      vi. Time Entry from February 12, 2025: meet and confer with counsel for IDOC regarding Plaintiff's time entries (.4) and final edits to Fee Petition (.3), for a total of **0.7** hours.

          1. Since the time entry for this day was on the same day as the Petition was filed, Counsel didn't have time to attach his billing sheet for this day. However, as stated above, counsel does not object to this entry.

**A. The Hourly Rate**

4) "A reasonable hourly rate is based on the local market rate for the attorney's services." *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). "[A]n attorney's market rate includes evidence of rates similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards the attorney has received in similar cases." *Spegon v. Catholic Bishop of Chic.*, 175 F.3d 544, 555 (7th Cir. 1999).

5) Attorney Brian Orozco is a 2012 graduate of DePaul University College of Law. Since November 1, 2012, Brian Orozco has worked exclusively representing Plaintiffs in civil rights cases like this one. He actively manages 25-30 cases and has tried ten (10) cases to verdict (four cases to verdict in the Northern District of Illinois). (***see Exhibit B***). Brian Orozco requests a rate of $500 per hour. This rate is in line with previous rates for attorneys with 12 years of experience set by this Honorable Court. For example, in 2017 this Honorable Court awarded Torreya Hamilton a rate of $450/hour and at the time she had 12 years of experience. Nelson v. Lis, 2017 U.S. Dist. LEXIS 45155, at 7. This rate was affirmed by Judge Shah a year later. Wilson v. Baptiste, 2017 U.S. Dist. LEXIS 219833 at 5. Considering that these decisions are over 7 years old, when adjusted for inflation Brian Orozco's requested rate of $500/hour is reasonable. Pouncy v. City of Chicago, 2017 U.S. Dist. LEXIS 203020, at 18. In fact, if you use the inflation calculator form the US Bureau

of Labor Statistics, a rate of $450/hour in 2017 comes out to $592/hour present day. (https://www.bls.gov/data/inflation_calculator.htm).

6) Attorneys Jon Loevy (*see Exhibit C*), Chris Smith (*see Exhibit D)*—**who actually witnessed Brian Orozco arguing his motion hearing subject to this Fee Petition on December 18, 2024**—and Jeff Neslund (*see Exhibit E*) all have signed affidavits that they are familiar with the local Chicago market rates for civil rights attorneys and that Brian Orozco's requested rate of $500/hour is reasonable considering these market rates. Miller v. City of Richmond, 2018 U.S. Dist. LEXIS 156928, at 7-8.

7) Brian Orozco's requested rate is the same as Attorney Patrick Morrissey who also has 12 years of experience exclusively in Plaintiff's civil rights work. (*see Exhibit F*). Attorney Sarah Grady, who has an approved rate of $900 and 12 years of experience exclusively in Plaintiff's civil rights work, has signed an affidavit that Plaintiff's requested hourly rate of $500/hour is reasonable. (*see Exhibit G*).

8) Attorney Patrick Cowlin, who also has 12 years of experience in Federal litigation involving employment law and bills at a rate of $550/hour, has signed an affidavit that Brian Orozco's requested rate of $500/hour is reasonable (*see Exhibit I*).

9) "Courts in this District have relied on the Laffey Matrix as a factor in determining a reasonable rate". Sandra T.-E. v. Sperlik, 2012 U.S. Dist. LEXIS 44909 at 6. According to the Laffey Matrix, for an attorney 11-19 years out of law school, the average hourly rate would be $948/hour. Brian Orozco's requested rate of $500/hour is reasonable considering this matrix.

10) Plaintiff is requesting an hourly rate of $125 for his paralegal, Zoe Swenson, for 2.5 hours of work (*see Exhibit J*), which attorney Jeff Neslund agrees is reasonable. (*see Exhibit E*).

This hourly rate is also consistent with case law from this jurisdiction. <u>Nelson v. Lis</u>, 2017 U.S. Dist. LEXIS 45155, *13. <u>The paralegal hourly rate is not objected to by Defendant IDOC</u>.

**B. Number of Hours**

11) As shown in Plaintiff's Counsel's time sheets, Brian Orozco worked a total of 21.7 hours of drafting and arguing of motions and his fee petition. (***see Exhibit J***). Brian Orozco's Paralegal is requesting a total of 2.5 hours regarding this litigation. (***see Exhibit J***).

**C. Excellent Outcome and Hard Work of Attorney Brian Orozco**

12) Affiant Chris Smith indicated in his affidavit that, while present at the motion hearing on December 18, 2024 and in describing Brian Orozco's performance that day he commented that he "was impressed with not only his skill but his tenacity throughout the entire hearing." (***see Exhibit D***). Another indicator of attorney Brian Orozco's success and hard work in this litigation is reflected in this Court's transcript from the Decemter 18, 2024 hearing. (***see Exhibit H***). One notable excerpt can be seen below:

> "Again, I'm troubled about this case. This plaintiff has a **diligent**, **hardworking** attorney. So many individuals in custody have nothing of the sort. They're either pro se or their lawyers are unable to pursue the issues because they don't have the resources or their lawyers just don't realize that they have to press and press and press to get things out of the other side."-Exhibit I, pg. 10 (Emphasis added).

    **WHEREFORE**, it is respectfully requested that this Honorable Court award the following attorney fees:

1) Brian Orozco at a rate of $500 per hour; for 21.7 hours of work on these motions and petition for a total of $10,850.00.

2) Paralegal Zoe Swenson at a rate of $125 for 2.5 hours of work for a total of $312.50.

Dated: February 12, 2025          Respectfully submitted,

*/s/ Brian Orozco*

**Counsel for Plaintiff**
**Gregory E. Kulis & Associates, Ltd**
**134 North LaSalle Street, Suite 444**
**Chicago, Illinois 60602**
**p. (312) 580-1830 / f. (312) 580-1839**
**e. borozco@kulislawltd.com**
**e. service@kulislawltd.com**

## CERTIFICATE OF SERVICE

The undersigned non-attorney hereby certifies that the above **Petition for Fees and Costs** was filed on February 12, 2025 with the Northern District of Illinois ECF System, serving a copy on all parties.

*/s/ Zoe Swenson*
Zoe Swenson